## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

|  |  |
|---|---|
| Doris Lizeth Madrid Gutierrez, </br>A.A.M., *a minor, by and through her next friend and mother, Doris Madrid Gutierrez*, </br>C.A.M., *a minor, by and through her next friend and mother, Doris Madrid Gutierrez*, </br>L.A.M., *a minor, by and through his next friend and mother, Doris Madrid Gutierrez*, </br>c/o Eldridge Crandell, LLC </br>1 South Street, Suite 2150 </br>Baltimore, Maryland 21202 </br></br>        *Plaintiffs*, </br></br>v. </br></br>Kristi Noem, *Secretary of Homeland Security*, </br>    United States Department of Homeland Security </br>    Washington, D.C. 20508 </br></br>Todd Lyons, *Acting Director, U.S. Immigration and Customs Enforcement*, </br>Kenneth Genalo, *Acting Executive Associate Director, ICE Enforcement and Removal Operations*, </br>Nikita Baker, *ICE Baltimore Field Office Director*, </br>Brian Acuna, *ICE New Orleans Acting Field Office Director* </br>    500 12th Street SW </br>    Washington, D.C. 20536 </br></br>Pamela Bondi, *Attorney General of the United States*, </br>    950 Pennsylvania Avenue NW </br>    Washington, D.C. 20530 </br></br>        *Defendants*. | Civil Action No._____ |

1

## **COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT**

On July 28, 2025, Homeland Security Investigations ("HSI"), a subagency of the Department of Homeland Security ("DHS"), arrested and detained Plaintiff Doris Lizeth Madrid Gutierrez near her home in Annapolis, Maryland, pursuant to a 2006 removal order. She was taken into Immigration and Customs Enforcement ("ICE") custody and transferred to the Baltimore Hold Room, where she was held until ICE moved her to the South Louisiana ICE Processing Center around July 30, 2025. On July 31, 2025, Plaintiff Madrid Gutierrez filed an emergency motion to stay her imminent removal and a motion to reopen her immigration proceedings with the Baltimore Immigration Court. On August 1, 2025, an immigration judge granted Plaintiff Madrid Gutierrez's motion for stay of removal. Her order prohibited the government from removing Plaintiff Madrid Gutierrez from the United States pending the adjudication of her contemporaneously-filed motion to reopen. Both the Baltimore and New Orleans ICE Enforcement and Removal Operations ("ERO") field offices were notified of the court order on August 4, August 5, and August 6, 2025. On the morning of August 6, 2025, ICE removed Plaintiff Madrid Gutierrez from the United States in direct violation of her court-ordered stay of removal. Such a blatant disregard for a binding order shocks the conscience and necessitates immediate judicial relief.

## **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, Federal Question Jurisdiction; 5 U.S.C. § 702, the Administrative Procedure Act; 28 U.S.C. § 1361 as Plaintiffs seek to compel Defendants, officers of the United States, to perform their duties; and 28 U.S.C. § 1346(a)(2) as Defendants are United States officials.

2. This Court has authority to enter a declaratory judgment and to provide temporary, preliminary, and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure; 28 U.S.C. §§ 2201 and 2202; 28 U.S.C. § 1651, the All Writs Act; and the Court's inherent equitable powers.

3. Venue is proper in this jurisdiction because each Defendant is an officer of the United States sued in their official capacity, Plaintiffs reside in Glen Burnie, Maryland, and no real property is at issue. 28 U.S.C. § 1391(e)(1).

## THE PARTIES

4. Plaintiff Doris Lizeth Madrid Gutierrez is a native and citizen of Honduras who resides in Glen Burnie, Maryland. Defendants removed her from the United States on August 6, 2025, in violation of the stay of removal she was granted on August 1, 2025.

5. Plaintiff A.A.M., a United States citizen, is the minor child of Plaintiff Madrid Gutierrez.

6. Plaintiff C.A.M., a United States citizen, is the minor child of Plaintiff Madrid Gutierrez.

7. Plaintiff L.A.M., a United States citizen, is the minor child of Plaintiff Madrid Gutierrez.

8. Defendant Kristi Noem is the Secretary of DHS. She is the cabinet-level secretary responsible for all immigration enforcement actions in the United States.

9. Defendant Todd Lyons is the Acting Director of ICE. He is the head of the federal agency responsible for all immigration enforcement actions in the United States.

10. Defendant Kenneth Genalo is the Acting Executive Associate Director of ICE ERO. He is the head of the ICE office that carries out arrests of people without lawful immigration status and removals from the United States.

11. Nikita Baker is the ICE Baltimore Field Office Director. She is the head of the ICE office that arrested and detained Plaintiff Madrid Gutierrez.

12. Brian Acuna is the ICE New Orleans Acting Field Office Director. He is the head of the ICE office that removed Plaintiff Madrid Gutierrez.

13. Pamela Bondi is the Attorney General of the United States. Immigration judges, who adjudicate motions and conduct removal proceedings, are her designees.

14. All government Defendants are sued in their official capacities.

## LEGAL BACKGROUND

15. An individual subject to a final order of removal may request a stay of removal from DHS, or, depending on the circumstances, an immigration judge or the Board of Immigration Appeals. 8 C.F.R. §§ 241.6, 1241.6.

16. The Immigration and Nationality Act ("INA") empowers immigration judges to stay the removal of individuals who have filed motions to reopen or motions to reconsider before the immigration court as a matter of their discretion. 8 C.F.R. §§ 1003.23(b), 1241.6(b); Immigration Court Practice Manual ("ICPM"), chap. 8.3(a), (c)(1)(A).

17. A stay of removal granted in conjunction with a motion to reopen prohibits DHS from executing an individual's removal order for the period specified in the motion, typically until the immigration judge adjudicates the motion. 8 C.F.R. §§ 241.6, 1241.6; ICPM, chaps. 8.1, 8.3(f).

18. DHS must "take all reasonable steps to comply with a stay granted by an immigration judge." 8 C.F.R. §§ 1241.6(c), 241.6(c). The only exception is in cases in which the stay was granted or communicated after the subject of the stay has boarded the vehicle used for removal and "normal boarding" has been completed. 8 C.F.R. §§ 1241.6(c), 241.6(c); ICPM, chap. 8.1.

19. "When a discretionary stay is granted, the parties are promptly notified about the decision." ICPM, chap. 8.3(e).

## FACTS

20. Plaintiff Madrid Gutierrez is a native and citizen of Honduras and no other country. *See* Ex. G (Form I-862).

21. Plaintiff Madrid Gutierrez entered the United States for the first and only time on August 28, 2005, as a fifteen-year-old unaccompanied minor. *See id.*

22. Immigration officials apprehended Plaintiff Madrid Gutierrez soon after her entry and subsequently detained her. *See* Ex. H (Form I-213).

23. Because she was an unaccompanied minor, she was taken into custody by the Office of Refugee Resettlement ("ORR") the next day, August 29, 2005. *See* Ex. I (Juvenile Case Action Worksheet).

24. On September 12, 2005, Plaintiff Madrid Gutierrez was released from ORR into her father's custody. *See* Exh. J (Form ORR R-535).

*Plaintiff Madrid Gutierrez's Removal Proceedings*

25. As Plaintiff Madrid Gutierrez's father was already in removal proceedings when she was placed into proceedings, their cases were consolidated on May 10, 2006. *See* Ex. K (Consolidation Order).

26. On August 2, 2006, an immigration judge in the Baltimore Immigration Court granted both Plaintiff Madrid Gutierrez and her father voluntary departure. *See* Ex. L (Voluntary Departure Order). The order became final on September 1, 2006. *See id.*

27. Neither Plaintiff Madrid Gutierrez nor her father ever departed the United States.

28. Because Plaintiff Madrid Gutierrez was just sixteen years old at the time and had attained only a middle school education, she did not know what voluntary departure was or what it required of her. She was reliant entirely on her father to explain her legal obligations and facilitate her compliance with them; absent his help, she lacked the knowledge, means, and requisite travel documents to depart the United States.

29. From 2006 until 2025, Plaintiff Madrid Gutierrez built what can only be described as an all-American life for herself. She started working, joined a church, got married, had three United States citizen children, and purchased property in Maryland. *See* Ex. M.

*Plaintiff Madrid Gutierrez's Detention and Removal from the United States*

30. On July 28, 2025, HSI agents apprehended and detained Plaintiff Madrid Gutierrez pursuant to the nearly twenty-year-old outstanding removal order. *See* Ex. N (ICE Form I-205). The HSI agents stopped her car, broke her driver's side window, and ripped her out of the vehicle in front of her three United States citizen children. She sustained a bruise under her left eye as a result of the arrest.

31. The HSI agents took Plaintiff Madrid Gutierrez to the Baltimore Hold Room and transferred her into ICE custody. ICE held Plaintiff Madrid Gutierrez in Baltimore for about two days. In that time, they prohibited Plaintiff Madrid Gutierrez from getting her prescription medication and allowed her just two eight-ounce bottles of water per day.[1]

32. On July 30, 2025, ICE transferred Plaintiff Madrid Gutierrez from the Baltimore Hold Room to the South Louisiana ICE Processing Center.

---

[1] Harvard Medical School recommends women drink about 11.5 cups—92 fluid ounces—of water per day. *See* Harvard Health Publishing, *How much water should you drink?*, *available at* https://www.health.harvard.edu/staying-healthy/how-much-water-should-you-drink.

33. On July 31, 2025, Plaintiff Madrid Gutierrez filed a motion to reopen her immigration proceedings and an emergency stay of removal with the Baltimore Immigration Court. *See* Exs. A (EOIR Case Information Report), B (Order Granting Emergency Stay), O (Stamped Cover Pages of Motion Filings).

34. On August 1, 2025, the Immigration Judge granted her emergency stay of removal, effective until her motion to reopen is decided. *See* Ex. B. The order was mailed to DHS, the agency which houses ICE, the same day. *See id.*

35. At 9:30 a.m. on August 4, 2025,[2] the ICE field offices in both Baltimore and New Orleans were notified that the immigration court granted Plaintiff Madrid Gutierrez's emergency stay. *See* Ex. C (Stay Notification Emails to ICE).

36. The Baltimore ICE office was notified in-person and through email. *See id.* The Baltimore ICE office made a copy of the order granting Plaintiff Madrid Gutierrez's emergency stay of removal and returned the original order. After delivering the order in-person, the Baltimore office was again notified of the order by email. *See id.*

37. The New Orleans ICE office was notified of the emergency stay grant through email and multiple voicemails. *See id.* The New Orleans ICE office sent an auto-response email suggesting calling the field office directly at (504) 599-7800. *See* Ex. E (New Orleans Outreach Auto-Response). No one ever answered the at least two dozen phone calls attempted between August 4 and August 6, 2025, or responded to any voicemail. The auto-response also suggested contacting the relevant deportation officer at (318) 335-7500 or (504) 599-7800, but no one answered or responded to any voicemail. *See id.*

---

[2] Due to the age of Plaintiff Madrid Gutierrez's case, her Record of Proceeding ("ROP") is a paper file. Court communications are sent by mail in cases with paper ROPs. As such, Plaintiff Madrid Gutierrez learned her stay had been granted only after calling the immigration court one business day after filing the stay motion.

38. At 8:23 a.m. on August 6, 2025, the Baltimore and New Orleans ICE offices were again notified of Plaintiff Madrid Gutierrez's emergency stay grant via email. *See id.* Counsel followed up on those emails with phone calls shortly thereafter, but no call was answered.

39. Around 1:30 p.m. on August 6, 2025, Plaintiff Madrid Gutierrez's husband informed counsel that she had been removed to Honduras that morning.

40. Upon learning of Plaintiff Madrid Gutierrez's unlawful removal, counsel immediately attempted to contact the Baltimore and New Orleans ICE field offices by phone, but no one answered.

41. At 1:45 p.m. on August 6, 2025, the Baltimore and New Orleans ICE field offices and the Office of the Principal Legal Advisor ("OPLA") for Jena, Oakdale, and New Orleans were advised that Plaintiff Madrid Gutierrez had been removed in direct violation of a binding court order. *See* Ex. D (Unlawful Removal Notification Emails to ICE and OPLA). The only response was the same auto-response email the New Orleans office sent on August 4, 2025. *See* Ex. F (New Orleans Outreach Auto-Response). As before, no one responded to any communication.

42. On August 17, 2025, ICE and OPLA officers were again notified of Plaintiff Madrid Gutierrez's unlawful removal. *See* Ex. D.

43. To date, no one has responded to any communication regarding Plaintiff Madrid Gutierrez's emergency stay or her unlawful removal, and her motion to reopen remains pending before the Baltimore Immigration Court. *See* Ex. A.

44. Plaintiff Madrid Gutierrez is at imminent risk of irreparable harm with every moment she spends away from her young family outside the United States.

45. Plaintiff Madrid Gutierrez has exhausted all administrative remedies as there are none available to her. Defendants chose to unlawfully remove her from the United States in direct violation of a binding court order, eliminating her right to administrative review before the Board of Immigration Appeals and consequently eliminating her right to petition for review before the United States Court of Appeals for the Fourth Circuit. *See* Ex. B.

**FIRST CAUSE OF ACTION:**
**MANDAMUS**
**28 U.S.C. § 1361**
**(Plaintiff Madrid Gutierrez)**

46. Plaintiffs incorporate the foregoing paragraphs 1–45 by reference.

47. Mandamus jurisdiction is invoked under 28 U.S.C. § 1361 to compel an officer or employee of a government agency to perform a nondiscretionary duty owed to an individual. *See* 28 U.S.C. § 1361.

48. Mandamus is an extraordinary remedy, which should only be used in exceptional circumstances of peculiar emergency or public importance. *See, e.g.*, *LaBuy v. Howes Leather Co.*, 352 U.S. 249, 256. (1957).

49. A mandamus action must establish (a) a clear and certain claim; (b) the duty owed is ministerial; and (c) there is no other adequate remedy available. *See, e.g.*, *Wilbur v. United States ex rel. Kadrie*, 281 U.S. 206, 218–19 (1930); *see also Spielman Motor Co. v. Dodge*, 295 U.S. 89 (1935).

50. A duty is ministerial where it "is so plainly prescribed as to be free from doubt and equivalent to a positive command." *Wilbur*, 281 U.S. at 218.

51. The Immigration Judge ordered DHS not to remove Plaintiff Madrid Gutierrez while her motion to reopen was being adjudicated. *See* Ex. B. DHS did not have discretion to override the Immigration Judge's order. *See* 8 C.F.R. § 1241.6(c); 241.6(c).

52. The order created a duty for DHS which was "free from doubt;" the order stated that DHS was not allowed to remove Plaintiff Madrid Gutierrez from the United States during the specified period. *Wilbur*, 281 U.S. at 218; *see* Ex. B. Such an order is "a positive command" not to execute the proscribed action, removing Plaintiff Madrid Gutierrez. *Id.*

53. As Plaintiff Madrid Gutierrez was unlawfully removed such that she is no longer present in the United States, she has no available remedy aside from mandamus.

54. Mandamus is an appropriate remedy in this case because Plaintiff Madrid Gutierrez's circumstances are both "exceptional"—the government knowingly defied its duty pursuant to a binding order—and urgent. *LaBuy*, 352 U.S. at 256.

55. Plaintiffs ask this Court to immediately order Defendants to accept that they owed Plaintiff Madrid Gutierrez a clear duty not to remove her from the United States, acknowledge that they violated the duty owed to her, and take all reasonable steps to bring Plaintiff Madrid Gutierrez back to the United States.

### SECOND CAUSE OF ACTION:
### SUBSTANTIVE DUE PROCESS
### U.S. CONSTITUTION, AMENDMENT V
### (All Plaintiffs)

56. Plaintiffs incorporate the foregoing paragraphs 1–45 by reference.

57. Plaintiff Madrid Gutierrez has a substantive due process right under the Fifth Amendment to the United States Constitution to not be subjected to government conduct that shocks the conscience. *See* U.S. Const. amend. V. Defendants' conduct, as set forth above, violates that right.

58. Plaintiffs A.A.M., C.A.M., and L.A.M., as the United States citizen minor children of Plaintiff Madrid Gutierrez, also have a family unity interest in Plaintiff Madrid Gutierrez

not being removed from the United States in a manner that shocks the conscience. Defendants' conduct, as set forth above, violates that right.

59. Defendants' conscience-shocking act, removing Plaintiff Madrid Gutierrez to Honduras despite a standing court order commanding them not to remove her, is causing Plaintiff Madrid Gutierrez irreparable harm with each day that she spends outside the United States as she is separated from her three minor United States citizen children.[3]

60. Plaintiffs ask the Court to immediately order Defendants to take all steps reasonably available to them, proportionate to the gravity of the ongoing harm, to return Plaintiff Madrid Gutierrez to the United States.

### THIRD CAUSE OF ACTION: ADMINISTRATIVE PROCEDURE ACT 5 U.S.C. § 706(2)(A) (Plaintiff Madrid Gutierrez)

61. Plaintiffs incorporate the foregoing paragraphs 1–45 by reference.

62. The Administrative Procedure Act provides that courts "shall . . . hold unlawful and set aside agency action" where such action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

63. Defendants' action in this case was not only arbitrary and capricious; removing Plaintiff Madrid Gutierrez in direct violation of a binding court order is obviously "not in accordance with law." *Id.*; *see* 8 C.F.R. §§ 1241.6(c) (stating DHS "*shall* take all reasonable steps to comply with a stay granted by an immigration judge") (emphasis added), 241.6(c) (same).

---

[3] Plaintiff C.A.M., eleven and a half years old, has started wetting the bed since her mother's removal.

11

64. Defendants were notified of Plaintiff Madrid Gutierrez's stay of removal in-person, via phone calls and voicemails, and through email two days before they removed her from the United States, so the lone exception in 8 C.F.R. §§ 1241.6(c) and 241.6(c) does not apply. *See id.* (nullifying stays where they are granted or communicated to the government *after* the individual has boarded the removal vessel and the normal boarding process has been completed) (emphasis added); *see also* Exs. C-F.

65. Defendants' unlawful action, as set forth herein, is causing Plaintiff Madrid Gutierrez—and her three minor United States citizen children—irreparable harm with each day she stays in Honduras separated from her family.

66. Plaintiffs ask this Court to immediately order Defendants to take all steps reasonably available to them to return Plaintiff Madrid Gutierrez to the United States "in accordance with law." 5 U.S.C. § 706(2)(A).

## REQUEST FOR RELIEF

Plaintiffs pray for judgment against Defendants and respectfully request this Court to enter an order:

a) Declaring that Defendants' action, as set forth, violated binding federal regulations;

b) Declaring that Defendants' action, as set forth, violated the United States Constitution;

c) Declaring that Defendants' action, as set forth, violated the Administrative Procedure Act;

d) Immediately ordering Defendants to transport Plaintiff Madrid Gutierrez to the United States Embassy in Honduras and facilitate her return to the United States;

e) Granting Plaintiffs costs and fees under the Equal Access to Justice Act; and

f) Granting such other relief at law and in equity as justice requires.

Respectfully submitted,                                                          Date: August 28, 2025


*//s// Adam N. Crandell*
Adam N. Crandell, Esq.
Maryland Bar No.: 29463
*Counsel for Plaintiffs*
Eldridge Crandell, LLC
1 South Street, Suite 2150
Baltimore, Maryland 21202
T: (443) 559-4384
F: (443) 288-6633
adam@mymdlegal.com